UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Walter Quick, | ) | |
| | ) | C/A No.: 5:11-cv-02059-GRA-KDW |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Warden Ms. D. Drew, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner Walter Quick's *pro se* request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 9, 2011, the Respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment, and on November 14, 2011, United States Magistrate Judge Bristow Marchant issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to respond to the motion for summary judgment. The Petitioner filed a "Response to Motion to Dismiss" on January 3, 2012, and Respondent filed a timely Reply.

Subsequently, United States Magistrate Judge Kaymani D. West issued a Report and Recommendation ("R & R") on June 25, 2012, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2), D.S.C. The magistrate judge recommends that the Court grant the Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment.

Petitioner is a federal prisoner who is currently incarcerated at the Federal Correctional Institution in Bennetsville ("FCI-Bennettsville"), South Carolina.

Petitioner was charged with possession of intoxicants at FCI-Bennettsville, and ultimately sanctioned by the Disciplinary Hearing Officer. Petitioner claims that his constitutional rights were denied because prison staff suppressed exculpatory witness statements and denied him the opportunity to present exculpatory evidence in his defense during the disciplinary hearings. The magistrate now recommends dismissing the petition with prejudice after concluding that Petitioner received all the process due as required by *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. The Petitioner filed no objections to the Report and Recommendation, and the time for filing such objections has lapsed. In the absence

of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. This Court finds that Respondent has shown that there is no genuine dispute as to any material fact and the Respondent is entitled to judgment as a matter of law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's petition is DISMISSED with prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July 23 , 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.